IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**District Judge Philip A. Brimmer**

Civil Action No. 26-cv-04167-PAB

ISRAEL SOSA SAAVEDRA,

Petitioner,

v.

JUAN BALTAZAR, Warden, Denver Contract Detention Facility, Aurora Colorado,
MARKWAYNE MULLIN, Secretary of the Department of Homeland Security, and
DAVID J. VENTURELLA[1], Acting Director, Immigration and Customs Enforcement,

Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Israel Sosa Saavedra's *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("the petition") filed on September 4, 2026. Docket No. 1. Respondents filed a response on September 15, 2026. Docket No. 10. Petitioner submitted a reply on September 24, 2026. Docket No. 12.

## I. BACKGROUND[2]

Petitioner is a native and citizen of Guatemala who entered the United States without inspection over twenty years ago in September 2003. Docket No. 1 at 5. In

[1] Pursuant to Fed. R. Civ. P. 25(d), David Venturella is substituted as a respondent.
[2] The following facts are undisputed unless otherwise noted.

2020, petitioner was arrested by local law enforcement on allegations of domestic violence. *Id.* These charges were later dismissed. *Id.* In 2022, he was again arrested by local law enforcement on allegations of domestic violence. *Id.* In connection with these charges, he was convicted and sentenced to 18 months' probation. *Id.*

On June 9, 2026, Immigration and Customs Enforcement ("ICE") officers arrested petitioner, but he was not "notified with the reasons [for his] detention," and did not receive a Form I-200 until six hours after he had been "transferred to ICE offices." *Id.* at 6. Petitioner contends that his arrest without a warrant renders his current detention unlawful. *Id.* at 6-8. Because proceedings to remove him from the United States are pending, petitioner asserts that his detention is governed by 8 U.S.C. § 1226(a). *Id*. For relief, petitioner asks the Court to order his immediate release from custody. *Id.* at 9.

In response to the petition, respondents state: "[f]or purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." Docket No. 10 at 1-2. In his reply, petitioner asks the Court to make a "decision according to the facts and arguments submitted as a claim in [his] Petition for a Writ of Habeas Corpus; ordering [his] release from custody of DHS/ICE." Docket No. 12 at 1.

## II. ANALYSIS

In *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1249 (10th Cir. 2026), the Tenth Circuit held that 8 U.S.C. § 1226(a) governs the detention of noncitizens undergoing

removal proceedings who are detained in the interior of the United States. Petitioner is undergoing removal proceedings and was detained in the interior of the United States. Thus, his detention is governed by § 1226(a).

Section 1226(a) provides that, "*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."[3] 8 U.S.C. § 1226(a) (emphasis added). As noted above, petitioner claims that he was arrested without a warrant and that he is therefore entitled to release. Docket No. 1 at 6-7.

As an initial matter, this Court has previously held that 8 U.S.C. § 1252(b)(9) does not deprive the court of jurisdiction to consider a warrantless arrest claim. *See Martinez-Salamanca v. Baltazar*, No. 26-cv-02410-PAB, 2026 WL 2083209, at *3 (D. Colo. July 20, 2026).

Turning to the substance of petitioner's claim, he alleges that "ICE gave [him] the form I-200" six hours *after* his arrest on June 9, 2026. Docket No. 1 at 6. Petitioner also attaches a copy of the Notice to Appear, which is not dated, but reflects that petitioner currently resides at 3130 Oakland St. Aurora, Colorado 80010, which is the Denver Contract Detention Facility. Docket No. 1-2 at 2. Respondents do not dispute petitioner's assertions. Therefore, the Court finds that petitioner was not served the Form I-200 until *after* his arrest and detention. *Juan J.M.E. v. Easterwood,* 2026 WL 1746672, at *3 (D. Minn. Jun 8, 2026), *report and*

---

[3] The type of warrant issued by immigration officers is known as Form I-200. *Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209, 1216 (D. Colo. 2025) (citing 8 C.F.R. §§ 236.1, 1236.1).

*recommendation adopted sub nom. Juan M.E. v. Easterwood,* 2026 WL 1747756 (D. Minn. June 17, 2026).

Federal regulations state that a Form I-200 arrest warrant cannot be issued until the time that a Notice to Appear is issued or any time thereafter. *Ramirez Ovando*, 810 F. Supp. 3d at 1216 (citing 8 C.F.R. §§ 236.1, 1236.1). Thus, given petitioner's unrefuted claim that the Form I-200 and Notice to Appear were not issued until after his arrest, the Court finds that the Form I-200 warrant was invalid. Therefore, petitioner was not arrested pursuant to a valid warrant, in contravention of 8 U.S.C. § 1226(a).

There are exceptions to § 1226(a)'s warrant requirement. Pursuant to § 1357(a)(2), immigration officials may arrest a noncitizen without a warrant:

> to arrest any alien who in his presence or view is entering or attempting to enter the United States in violation of any law or regulation made in pursuance of law regulating the admission, exclusion, expulsion, or removal of aliens, or to arrest any alien in the United States, if he has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest, but the alien arrested shall be taken without unnecessary delay for examination before an officer of the Service having authority to examine aliens as to their right to enter or remain in the United States.

8 U.S.C. § 1357(a)(2). Under § 1357(a)(5), an immigration officer may also make a warrantless arrest:

> (A) for any offense against the United States, if the offense is committed in the officer's or employee's presence, or
>
> (B) for any felony cognizable under the laws of the United States, if the officer or employee has reasonable grounds to believe that the person to be arrested has committed or is committing such a felony,

> if the officer or employee is performing duties relating to the enforcement of the immigration laws at the time of the arrest and if there is a likelihood of the person escaping before a warrant can be obtained for his arrest.

8 U.S.C. § 1357(a)(5). "Courts have recognized that these warrantless-arrest authorities are strictly limited, particularly in the interior-arrest context." *Morelos Valdovinos v. Noem*, 2026 WL 948285, at *5 (D.N.M. Apr. 8, 2026) (collecting cases). Respondents do not provide any argument or set forth any evidence indicating that petitioner's warrantless arrest was proper under § 1357. Accordingly, the Court finds that respondents lacked statutory authority to arrest petitioner and that petitioner's detention is thus unlawful. *See Morelos Valdovinos*, 2026 WL 948285, at *6 (finding that respondents lacked authority for petitioner's arrest where "[n]othing in the record suggests that either statutory condition – reasonable belief of a violation or likelihood of escape – was met" and "the record contains no facts that would satisfy § 1357(a)(2) or (a)(5)'s narrow prerequisites for a warrantless arrest"); *Matovu v. Mullin*, 2026 WL 1387476, at *3 (W.D. Okla. May 18, 2026) (finding that respondents' warrantless arrest was unlawful where "Respondents introduced no evidence and, as such, failed to establish that they had reason to believe Petitioner was likely to escape before a warrant could be obtained for his arrest") (alteration, internal quotation, and citation omitted).

Where respondents have failed to obtain a warrant for a noncitizen detained under § 1226(a) and lacked statutory authority for a warrantless arrest, courts have found the appropriate remedy is to order the non-citizen's release. *See, e.g., Vo. v.*

*Baltazar*, 26-cv-02626-NYW, 2026 WL 1998578, at *4 (D. Colo. July 10, 2026) ("the Court respectfully disagrees that a bond hearing is an appropriate remedy when a petitioner is detained without the warrant required by § 1226(a)"); *Morelos Valdovinos*, 2026 WL 948285, at *7 (ordering petitioner's released based on "a growing body of decisions holding that when DHS detains a noncitizen under § 1226(a) without a warrant and without satisfying § 1357(a)(2), the detention is unlawful from the outset and immediate release is required") (collecting cases); *Matovu*, 2026 WL 1387476, at *3; *Kunner v. Grant*, 2026 WL 1623016, at *4 (W.D. Okla. Apr. 22, 2026), *report and recommendation adopted sub nom.*, 2026 WL 1452463 (W.D. Okla. May 22, 2026).

"[W]hen DHS cannot meet the statute's requirements for a warrantless arrest, continued detention is unlawful and release is the only permissible remedy." *Morelos Valdovinos* 2026 WL 948285, at *7. Accordingly, the Court will order petitioner's release.

**III. CONCLUSION**

Therefore, it is

**ORDERED** that petitioner Israel Sosa Saavedra's *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **GRANTED**. It is further

**ORDERED** that respondents shall release petitioner Israel Sosa Saavedra from custody within **48 hours** of the issuance of this order. It is further

**ORDERED** that the parties shall file a status report confirming that petitioner has been released from custody within **four days** of the issuance of this order. It is further

**ORDERED** that petitioner's "Motion to Make a Determinative Decision" [Docket No. 12] is **DENIED as moot**.

DATED September 28, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge